UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SHOSTOCKA KEYA WARD,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **2:16-cv-08153-AKK** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM OPINION AND ORDER

Shostocka Keya Ward, a federal prisoner, asks the court to "remand [her case] for resentencing" pursuant to 28 U.S.C. § 2255, based on alleged ineffective assistance of counsel. Doc. 1. For the reasons explained below, Ward's petition is **DENIED**.

### I.   STANDARD OF REVIEW

Following conviction and sentencing, 28 U.S.C. § 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To obtain relief under § 2255, a petitioner must: (1) file a non-successive

petition or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h), § 2255 Rule 9; (2) file the motion in the court where the conviction or sentence was received, *see Partee v. Attorney Gen. of Ga.*, 451 F. App'x 856 (11th Cir. 2012); (3) file the petition within the one-year statute of limitations, 28 U.S.C. § 2255(f); (4) be "in custody" at the time of filing the petition, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); and (6) swear or verify the petition pursuant to 28 U.S.C. § 1746. Finally, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

## II. PROCEDURAL HISTORY

After Ward pleaded guilty to bank fraud in violation of 18 U.S.C. § 1344 (Count VI) and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count X), *see* doc. 2 in case no. 2:15-cr-00081-AKK-HGD, the undersigned sentenced Ward to consecutive prison terms of thirty-three months as to Count VI

and twenty-four months as to Count X, *see id.* Ward did not file a direct appeal. *See* doc. 1 at 1. As a result, her conviction became final on October 1, 2015.[1] Ward timely filed this § 2255 motion on September 28, 2016. *Id.* at 12.

### III. ANALYSIS

As stated previously, Ward seeks resentencing based on alleged ineffective assistance of counsel. *See* doc. 1 at 12. Ward raises four specific contentions: *i.e.*, (1) that she "requested an appeal after sentencing but [her] attorney declined to file one for [her]," *id.* at 3; (2) that her attorney "failed to challenge the 'actual' amount of restitution, against 'intended' loss which could have changed her sentencing range," *id.* at 5; (3) that her attorney "failed to challenge the sentencing range and inform the defendant of the sentencing options," *id.* at 6; and (4) that her attorney "failed to explain the appellate process to [her]," *id.* at 8.

To prevail on her claims of ineffective assistance, Ward must demonstrate not only that her counsel's performance was below an objective and reasonable professional norm, but also that she was prejudiced by this inadequacy. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). Relevant here, because the

---

[1] When a defendant does not appeal the original judgment of conviction, the judgment becomes final when the time for filing a direct appeal expires. *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000). The Federal Rules of Appellate Procedure provide that, in a criminal case, "a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). In Ward's case, the fourteenth day from September 17, 2015 was October 1, 2015.

court may dispose of an ineffective assistance claim if the movant fails to carry her burden of proof on either the performance or the prejudice prong, the court need not address the adequacy of counsel's performance when the petitioner fails to make a sufficient showing of prejudice. *Id.* at 697. With that framework in mind, the court analyzes Ward's specific contentions separately below.

### A. Ward's Contention that Her Attorney Declined to File an Appeal on Her Behalf

First, the court is not persuaded by Ward's contention that her attorney refused to file an appeal on her behalf. Even accepting this allegation as true, the court informed Ward at her sentencing that she must file her appeal, if any, within 14 days, and that she could ask the court to waive the filing fee and to appoint her a lawyer to handle the appeal.[2] As another court in this Circuit stated when rejecting the same argument Ward raises, the defendant knew that "if his lawyer failed or refused to file an appeal, he had recourse with the court. Defendant does not allege he made an effort to pursue an appeal through the clerk of court, or that for some

---

[2] *See* Sentencing Transcript at 20–21 (The Court: "Ms. Ward, let me get your attention one last time, please. I know that you have a lot on your mind, but it's extremely important for you to listen at this point, please. You have the right to appeal the sentence that I have just given you within 14 days if you believe that it's in violation of the law. However, you may waive those rights as part of a plea agreement. In fact, the plea agreement that you entered into in this case contains such a waiver. Those waivers are generally enforced but if you believe the one that you signed is not enforceable, you have every right to present that argument to the Court of Appeals. The key thing to remember, though, ma'am, is with very few exceptions, any notice of appeal has to be filed within 14 days of judgment being entered in your case. Do you understand that, ma'am?"; The Defendant: "Yes, sir."; The Court: "If you're not able to pay the costs for an appeal, you can request that the Court waive those costs and, likewise, you can also request that the Court appoint a lawyer to handle the appeal for you.").

reason he was prevented from doing so." *United States v. Bradberry*, Nos. 3:07cr11/MCR; 3:08cv170/MCR/MD, 2009 U.S. Dist. LEXIS 128386, at **39–40 (N.D. Fla. Mar. 13, 2009), *adopted by* 2009 U.S. Dist. LEXIS 36752 (N.D. Fla. Apr. 16, 2009). Because Ward does not contend that she was prevented from filing an appeal on her own pursuant to the court's instructions, she is not due any relief on this basis.

### B. Ward's Contention that Her Attorney Failed to Challenge the "Actual" Amount of Restitution against "Intended" Loss

Ward next contends that her attorney provided ineffective assistance by purportedly failing to challenge the "actual loss" versus the "intended loss" of her restitution. Doc. 1 at 5. *See also* U.S.S.G. § 2B1.1 cmt. n.3(A)(i)–(ii) (intended loss is the "pecuniary harm that was intended to result from the offense," while actual loss is the "reasonably foreseeable pecuniary harm that resulted from the offense"). The court is confounded by Ward's contention, because the "actual loss" amount in her case is the amount she stole from her victim, and Ward never contended in her plea colloquy or otherwise that she intended to use the money to pay her victim's bills or otherwise benefit her victim. *See* doc. 2 at 14 in case no. 2:15-cr-00081-AKK-HGD. In fact, to the contrary, as the plea agreement noted, Ward used the funds on personal things like "adult items and movies," jewelry, concert and circus tickets, "to pay for a dating website," to "fund trips to Las

Vegas, Tunica, Chicago, and Gatlinburg," and to pay for her own wedding. *See id.* at 9.

In any event, according to the Presentence Investigation Report, Ward's offense level was increased by 12 levels pursuant to U.S.S.G. § 2B1.1(b)(1)(G), because her offense "involved a loss of more than $200,000 but less than $400,000 (the actual loss amount is $335,213.73)." Even accepting as true that Ward's attorney failed to raise the "intended" loss, the actual and intended loss amounts are essentially the same here, where Ward was writing checks and using the credit and debit cards of an elderly woman for whom she worked at an assisted living facility. *See id.* at 3–12. In sum, regardless of her attorney's purported omissions, Ward has failed to show that the actual loss and intended loss are different amounts, and, to the extent they are, it is unlikely that any unintended losses added up to an amount that would be sufficient to put the intended loss at an amount less than $200,000. Therefore, Ward has failed to show that her attorney's alleged deficient performance changed her guidelines range and thereby affected her sentence.

### C. Ward's Contention that Her Attorney Failed to Challenge the Sentencing Range and Inform Her of Sentencing Options

Ward's contentions that she is due relief because her attorney purportedly failed to challenge the sentencing range and/or discuss the "sentencing options" with her also fail. As an initial matter, Ward's attorney did, in fact, challenge the

sentencing range by requesting a variance from the thirty-three month sentence for Count VI. *See* Sentencing Transcript at 9–10. Moreover, in her plea agreement, Ward acknowledged her understanding of the maximum statutory punishment for Counts VI and X, *see* doc. 2 at 2 in case no. 2:15-cr-00081-AKK-HGD, and acknowledged that she "discussed the Federal Sentencing Guidelines and their application to [her] case with [her] attorney, who explained them to [her] satisfaction," *see id.* at 15. Ward also represented as much to the court during her sentencing hearing. *See* Sentencing Transcript at 5 (The Court: "You've had a chance to look at the presentence report. Is there anything in it that you disagree with, ma'am?"; The Defendant: "No, sir."). For these reasons, and because, as the court stated, it issued a sentence that it felt was reasonable under the 18 U.S.C. § 3553 factors, *id.* at 15, Ward's arguments fail.

### D. Ward's Contention that Her Attorney Failed to Explain the Appellate Process to Her

Finally, for the same reasons stated in Part III.A, Ward is not entitled to relief based on her contention that her attorney failed to explain the appellate process to her. To briefly reiterate those reasons here, regardless of any alleged deficiencies in Ward's attorney's performance, the undersigned advised Ward at sentencing that she must file her appeal, if any, within 14 days. *See* Sentencing Transcript at 20–21. Accordingly, Ward is not entitled to relief on this basis.

## IV. CONCLUSION AND ORDER

In light of the foregoing, the court finds that Ward's arguments fail to establish a sufficient basis to vacate her sentence under 28 U.S.C. § 2255. Accordingly, her § 2255 petition is **DENIED**. The clerk is directed to close this file.

**DONE** the 15th day of March, 2017.

*/s/ Abdul Kallon*
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE